IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. MARIA RAMOS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CASE NO.: 09-CV-4258 |
| CAROLYN TRANCOSO, Warden, Dwight Correctional Center, | ) ) ) ) | Judge Robert M. Dow, Jr. |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Respondent Carolyn Trancoso's motion to dismiss [14] Petitioner Maria Ramos' petition for habeas corpus on the ground that the petition is time barred under the one year statute of limitations that applies to federal habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). For the reasons stated below, the Court grants Respondent's motion [14].

**I.    Background**

On March 25, 1993, Petitioner Maria Ramos was sentenced to extended consecutive prison terms of sixty years and twenty years after being found guilty of one count of aggravated criminal sexual assault and one count of aggravated battery of a child in the Circuit Court of Cook County. She is now in the custody of Respondent, the Warden of the Dwight Correctional Center in Dwight, Illinois.

On May 14, 1996, the Illinois Appellate Court, First District, on direct appeal, affirmed Petitioner's convictions and sentences. Petitioner then filed a petition for leave to appeal (PLA)

in the Illinois Supreme Court that was denied on December 4, 1996. Petitioner does not appear to have filed a petition for a writ of certiorari in the United States Supreme Court.[1]

On September 22, 1998, Petitioner filed a petition for post-conviction relief pursuant to 725 ILCS 5/122-1. Among other things, she alleged that her trial counsel provided ineffective assistance for failing to communicate the terms of a plea offer extended by the State. Related to this issue, Petitioner submitted three affidavits to the post-conviction trial court (also attached to her instant petition): (i) post-conviction counsel, Margaret Byrne, averred that on or about December 22, 1997, she had a conversation with trial counsel, Timothy Eckerman, who informed her that the State had extended a plea offer of approximately eight years but Eckerman did not communicate this offer to petitioner; (ii) Petitioner averred that trial counsel had never advised her about any plea offer; and (iii) Eckerman asserted that there was a plea offer of approximately eight years, but stated that he had informed Petitioner of the offer and she had declined it. The trial court dismissed the post-conviction petition as untimely, but the appellate court reversed, ordering the trial court to assess whether Petitioner's late filing should be excused because she was not "culpably negligent," and to conduct an evidentiary hearing on Petitioner's ineffective assistance claim. On remand, the State withdrew its statute of limitations defense and instead argued that no plea offer was made to Ramos.

---

[1] The petition is confusing on this issue. In the place provided for discussing her appeal to the highest state court, Petitioner states that she filed a document in the "U.S. Supreme Court" and gives a decision date of "October 1997." See DE 8 at 2. However, she also checked the box indicating that she did not appeal to the United States Supreme Court. Id. As referenced above, Petitioner filed a PLA in the Illinois Supreme Court that was denied in December 1996, but Westlaw contains no entry indicating that a petition for writ of certiorari from this judgment was ever filed. See *People v. Ramos*, 675 N.E.2d 638 (Table) (Ill. 1996). Furthermore, in her response brief, Petitioner does not contest Respondent's assertion that she did not file a petition for a writ of certiorari in the United States Supreme Court. Thus, the October 1997 notation appears to be a mistake. However, as set forth herein, adopting the October 1997 date would not alter the result in this case.

The trial court granted an evidentiary hearing on the ineffective assistance claim to determine whether a plea offer had been extended. Eckerman testified that his statement in his affidavit, referred to the eight-year offer, was inaccurate and that the State had not, in fact, offered a plea bargain.[2] The Assistant State's Attorney who prosecuted Petitioner's case testified that she had not made a plea offer. Upon hearing the evidence presented at the evidentiary hearing, the Circuit Court found that no offer had been made and held that counsel could not be ineffective on that ground. The Illinois Appellate Court affirmed the denial of Petitioner's post-conviction petition on November 21, 2008, and the Illinois Supreme Court denied leave to appeal on March 25, 2009.

On July 15, 2009, this Court received the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner did not date the petition, nor did she attach an affidavit of service indicating the date on which the petition was mailed; however, the envelope was postmarked July 13, 2009. See DE 8 at 7. Petitioner raises four substantive issues: (i) appellate counsel was ineffective because joint representation of Petitioner's co-defendant on direct appeal resulted in a conflict of interest ("conflict of interest claim"); (ii) Petitioner's eighty-year sentence violates the Eighth Amendment's Cruel and Unusual Punishment Clause ("excessive punishment claim"); (iii) trial counsel was ineffective for failing to communicate the terms of a plea offer ("plea offer claim"); and (iv) Petitioner was denied her right to an impartial jury ("jury claim").

---

[2] The Illinois Attorney Registration and Disciplinary Commission subsequently reprimanded Eckerman for negligently making a false statement in an affidavit, thereby causing a needless expenditure of judicial resources on a "non-issue." See *In re Eckerman* (Bar #3122612), Comm'n Case No. 7 CH 7 (filed Aug. 13, 2007).

**II. Analysis**

It is undisputed that Petitioner has no further state court avenues of review, and thus she has exhausted her available state remedies as required by 28 U.S.C. § 2254(b). The question raised in Respondent's motion is whether the petition should be dismissed as untimely under the one year statute of limitations for Section 2254 petitions set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). As relevant here, subsection (A) specifies the date when the one-year period for filing a federal habeas petition begins in most cases (at the end of the direct appeals), and subsection (D) provides a later filing date where the factual predicate of the claim did not arise or was not discoverable until after the conclusion of the direct review period.

Petitioner raises four separate claims. It appears to be an open question in the Seventh Circuit whether courts should look at each claim individually, or the application as a whole, in assessing the timeliness of claims under § 2244(D). The Third and the Sixth Circuits are split with the Eleventh Circuit on this issue. Compare *Bachman v. Bagley*, 487 F.3d 979, 983-84 (6th

Cir. 2007) (applying claim-by-claim approach); *Fielder v. Varner*, 379 F.3d 113, 122 (3d Cir. 2004) (same); with *Walker v. Crosby*, 341 F.3d 1240, 1245 (11th Cir. 2003) (statute of limitations applies to application as a whole and "individual claims within an application cannot be reviewed separately for timeliness.").

In *Fielder*, the Third Circuit reasoned that, when § 2244(d)(1)(D) is implicated, the statute of limitations must be applied individually to each claim in a habeas petition. The *Fielder* court cited two reasons for its holding: first, "this is the way that statutes of limitations are generally applied," and there is no basis for concluding that "Congress intended to make a radical departure from this approach in § 2244(d)(1)." *Fielder*, 379 F.3d at 118. Second, adopting a whole-application approach would lead to results the court was "confident Congress did not want to produce", such as "permitting a late-accruing federal habeas claim to open the door for the assertion of other claims that had become time-barred years earlier." *Id.* at 120. Other federal courts have been persuaded by *Fielder*'s analysis and have adopted a claim-by-claim approach. *See Bachman*, 487 F.3d at 984 (finding *Fielder*'s analysis persuasive and more consistent with Sixth Circuit precedent than *Walker*'s); *Price-Mahdi v. Subia*, 2009 WL 331444, at *2 (N.D. Cal. Feb. 11, 2009) ("This court finds the reasoning in *Fielder* to be most persuasive and follows it."); *Nusbaum v. Salazar*, 2008 WL 5377996, at *10 (C.D. Cal. Dec. 22, 2008) ("The Court finds the *Fielder* approach the better one."); *Ellis v. Quarterman*, 2008 WL 2963467, at *7 (S.D. Tex. Jul. 30, 2008) (adopting *Fielder's* approach); *Jackson v. Hofbauer*, No. 05-CV-74916-DT, 2007 WL 391405, at *7 (E.D. Mich. Jan. 31, 2007) (finding the *Fielder* approach to be the "better reasoned" one).[3]

---

[3] In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court observed the question of whether courts should look at each claim individually or the application as a whole in assessing timeliness when § 2244(d)(1)(D) is implicated. In a footnote, the Court noted that § 2244(d)(1) "provides one means of calculating the limitation with regard to the 'application' as a whole" (i.e., subsection (A)) and "three

Persuaded by the reasoning of the Third and Sixth Circuits, this Court assesses Petitioner's four claims using the claim-by-claim approach. Under that framework, while Petitioner could argue that the timeliness of her plea offer claim should be assessed under § 2244(d)(1)(D) because she did not discover the alleged factual predicate for that claim until December 22, 1997, no similar rationale applies to her remaining claims. Their factual bases — the fact of appellate counsel's joint representation, the length of petitioner's sentence, and the composition of her jury — all were known to Petitioner at the time that her conviction became final. Thus, the timeliness of those three claims will be assessed under § 2244(d)(1)(A). *Fielder*, 379 F.3d at 122; see also *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003) (noting that limitations period "usually" begins to run on date conviction becomes final). The timeliness of her plea offer claim will be assessed under § 2244(d)(1)(D).

A. Claims subject to § 2244(d)(1)(A)

Under § 2244(d)(1)(A), Petitioner had one year from the date on which her conviction became final to raise her claims in federal court. Assuming that Petitioner did not file a petition for a writ of certiorari (see n.1 *supra*), her conviction became final on March 15, 1997, ninety days after the Illinois Supreme Court denied her PLA on direct review. See *Lawrence v. Florida*, 549 U.S. 327, 333 (2007) (conviction not final until time for seeking certiorari has expired); S. Ct. R. 13 (party has ninety days following an adverse judgment to file a petition for writ certiorari). Consequently, petitioner had until March 15, 1998, to raise her conflict of interest, excessive punishment, and jury claims, which she did not do.[4]

---

others that require claim-by-claim consideration" (i.e., subsections (B)-(D)). *Pace*, 544 U.S. at 416 n.6. That language, although not definitive, implies that the inquiry set out in subsection (D) applies only to particular, late-accruing claims, and not to entire applications that contain such claims.

[4] As noted, the petition alleges that an order issued in "October 1997" from the "U.S. Supreme Court." See *supra* n.1 (citing DE 8 at 2). If Petitioner were referring to the denial of a petition for writ of certiorari

Although Petitioner does not raise the issue of tolling in her response, the Court briefly addresses it. While Petitioner would be entitled to tolling as to any period during which she had a state post-conviction petition pending (see 28 U.S.C. § 2244(d)(2)), she did not file her state collateral attack until September 22, 1998. Under § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief or other collateral review. See *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Because the limitations period already had expired, the state post-conviction petition was filed too late to have any tolling effect under § 2244(d)(2). See *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005) ("The state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of the federal proceeding, because no state collateral review was 'pending' during 1998 and 1999"). Furthermore, Petitioner has not alleged any basis for invoking equitable tolling. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (stressing that "[e]quitable tolling is rarely granted" and observing that "we have yet to identify a petitioner whose circumstances warrant it."). Thus, Petitioner's conflict of interest claim, excessive punishment claim, and jury claim are dismissed as untimely pursuant to § 2244(d)(1)(A).[5]

---

— which neither Respondent nor the Court has been unable to substantiate — then Petitioner's conviction would have become final on this later date. But the dispute ultimately is of no consequence. Even if this Court were to grant Petitioner the benefit of the doubt and deem her conviction final in October 1997, the petition would still be late. Almost one year passed between October 1997 and the date on which petitioner filed her post-conviction petition, September 22, 1998. Adding to that total the untolled time between March 25, 2009, and July 15, 2009, see *infra* p.8-9, the petition still would be untimely under § 2244(d)(1)(A).

[5]  Assuming that the Seventh Circuit or Supreme Court were to follow *Walker* and decide that a habeas application should be assessed for timeliness as a whole, rather than claim-by-claim (see *Walker*, 341 F.3d at 1245), the timeliness of Petitioner's entire application would depend on the timeliness of her plea offer claim, which, pursuant to § 2244(d)(1)(D), is subject to a later filing date. As set forth in the next section, Petitioner's claims still would be dismissed.

### B. Claims subject to § 2244(d)(1)(D)

As set forth previously, subsection (D) provides a later filing date where the factual predicate of the claim did not arise or was not discoverable until after the conclusion of the direct review period. See § 2244(d)(1)(D). In state court, Petitioner indicated that she did not learn that the State allegedly offered a plea bargain until her post-conviction counsel contacted trial counsel on or about December 22, 1997. Thus, the Court treats that date as "the date the factual predicate of the claim * * * could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D). After the limitations period for seeking habeas relief on Petitioner's plea offer claim commenced on December 22, 1997, 274 untolled days elapsed before Petitioner filed her state post-conviction petition on September 22, 1998. On that date, she became entitled to statutory tolling for "[t]he time during which [her] properly filed application for State post-conviction or other collateral review * * * [was] pending." 28 U.S.C. § 2244(d)(2). The limitations period was tolled from September 22, 1998, to March 25, 2009, the date on which the Illinois Supreme Court denied Petitioner's post-conviction PLA. See *Jones v. Hulick*, 449 F.3d 784, 788 (7th Cir. 2006) (denial of post-conviction PLA ends statutory tolling); see also *Lawrence*, 549 U.S. at 332 (ninety-day period for filing petition for writ of certiorari is not tolled under § 2244(d)(2)). When the limitations period began running again, Petitioner had ninety-one days, until June 27, 2009, within which to file a timely federal habeas petition. This Court received Petitioner's habeas petition on July 15, 2009, and, according to the docket sheet, the envelope was postmarked July 13, 2009.

Petitioner's only argument is that after her state post-conviction proceedings concluded, she had one full year to file a federal habeas petition. See Pet. Resp. at 1-2. However, a habeas petitioner's limitations period does not restart upon the filing of a state collateral attack. *De*

*Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("[W]hat subsection (2) does is *exclude* particular time from the year, not *restart* that year") (emphasis in original). After the limitations period begins to run on one of the dates set forth in § 2244(d)(1), the clock is tolled while a properly filed state collateral attack is pending, meaning that the tolled dates are excluded when counting the time that has elapsed. *Id.* at 943. Thus, Petitioner's deadline for filing her petition after the state proceedings terminated depended on how much time remained when she commenced those state proceedings. *Id*.

Either the date on which the Court received the petition (July 15, 2009), or, at best, the postmark date (July 13, 2009), is the date that the Court must consider for purposes of the statute of limitations. Petitioner has not indicated, through the appropriate affidavit, when she mailed the petition, and therefore Petitioner may not invoke the prisoner "mailbox rule" set forth in Rule 3(d) of the Rules Governing § 2254 Cases in the United States District Courts.[6] See *Ingram v. Jones*, 507 F.3d 640, 644-45 (7th Cir. 2007). Calculating that Petitioner had ninety-three days remaining to file her federal habeas petition (subtracting 274 untolled days from the 365 days granted by § 2244(d)(1)), the petition was due by June 27, 2009. Thus, the petition either was eighteen or sixteen days late. Again, Petitioner does not argue that she should be entitled to toll the statute of limitations on any equitable ground. Consequently, Petitioner's plea offer claim — and her entire petition if the Court were to consider her application as a whole rather than claim-by-claim — is dismissed as untimely under § 2244(d)(1)(D).

---

[6] The third sentence of Rule 4(c)(1) states: "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746, or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." See also United States v. Craig, 368 F.3d 738, 740 (7th Cir. 2004) (stating that Rule 4(c)(1) "requires the declaration to state two things: 50% is not enough. The postage requirement is important: mail bearing a stamp gets going, but an unstamped document may linger.").

### III. Conclusion

For the foregoing reasons, the Court grants Respondent's motion to dismiss the petition for a writ of habeas corpus [14].

Dated: August 2, 2010

_____
Robert M. Dow, Jr.
United States District Judge